UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>CHERIE R. DILLON, and DENTAL HEALTHCARE WITH HEART, P.C., (successor in interest to DENTAL HEALTHCARE WITH HEART, PLLC),<br><br>        Defendants. | Case No. 1:17-cv-498-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it defendant Dillon's motion to stay this action for recovery under the False Claims Act. The motion is fully briefed and at issue. For the reasons expressed below, the Court will deny the motion.

## LITIGATION BACKGROUND

In a related criminal action, Dillon was charged with 24 counts of health care fraud and 24 counts of aggravated identity theft. *See U.S. v. Dillon, 1:16-CR-037-BLW.* The case went to trial, and after the Government rested its case, Dillon pled guilty to all counts, and she was later sentenced to 60 months incarceration. Following a hearing, the Court imposed forfeiture of $847,016, and ordered

restitution in the sum of $139,769.80. Dillon filed a notice of appeal and started serving her sentence on August 14, 2017. Her appeal is pending.

In that criminal action, Dillon filed a motion to stay enforcement of the monetary judgment against her. The Court denied her motion, holding that her arguments challenging the forfeiture sums were not "fairly debatable" and did not raise a "substantial question," as required under the applicable legal standard set out in *U.S. v. Handy,* 761 F.2d 1279, 1283 (9th Cir. 1985). *See Memorandum Decision (Dkt. No. 133) in U.S. v. Dillon, 1:16-CR-037-BLW.* Regarding the restitution, the Court directed the Clerk to hold any restitution payment until the appeal terminates. *Id.*

When the trial in the criminal action was completed, the Government filed this action, a civil False Claims Act against Dillon, alleging that her dental billings to Medicaid were fraudulent and that she improperly used the credentials of a licensed dentist to conduct her fraud. In the motion now pending before the Court for resolution, Dillon seeks to stay this civil action pending her criminal appeal.

## LEGAL STANDARDS

The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. *Federal Sav. & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir.1989). "In the absence of substantial prejudice to the rights of the parties involved, such parallel proceedings are

unobjectionable under our jurisprudence." *S.E.C. v. Dresser Industries, Inc.*, 628 F.2d 1368, 1374 (D.C.Cir.1980). Nonetheless, a court may exercise its discretion to stay civil proceedings when the interests of justice seem to require such action. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir.1995). "A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case." *Molinaro*, 889 F.2d at 902. In determining whether to stay civil proceedings, a court must first consider "the extent to which the defendant's fifth amendment rights are implicated." *Keating*, 45 F.3d at 324. In addition, the court should generally consider the following five factors: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Id.* at 325.

Here, Dillon has appealed her guilty plea in the related criminal case. As a result, there is a possibility that her Fifth Amendment rights could be implicated because statements she makes in this civil case could be used against her if she

prevails on appeal and the United States elects to retry the criminal case. But this is, at best, a very remote possibility, as the Court has found her grounds for appeal quite weak, as discussed above. Moreover, Dillon's Fifth Amendment rights could be protected through less drastic means, such as by asserting the privilege on a question-by-question basis, and by issuing a protective order. *See Doe v. City of San Diego,* 2012 WL 6115663 at *3 (S.D.Ca. Dec. 10, 2012) (observing that once a criminal trial is completed and an appeal pending, courts are generally more reluctant to stay parallel civil proceedings, and listing less drastic measures to protect Fifth Amendment rights).

Evaluating other factors beyond the Fifth Amendment concerns, a stay would put a substantial burden on the Government as this fraud occurred years ago and witnesses may be difficult to find. Moreover, the Government will be pursuing this civil False Claims Act case regardless of what happens to the criminal case on appeal. Finally, the public interest would not be served by a multiple-year delay to await the outcome of the criminal appeal.

For all these reasons, the Court will deny the motion for stay.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to stay (docket no. 4) is DENIED.



DATED: May 23, 2018

B. Lynn Winmill
Chief U.S. District Court Judge