UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>CHERIE R. DILLON and DENTAL HEALTHCARE WITH HEART, P.C., (successor in interest to DENTAL HEALTHCARE WITH HEART, PLLC),,<br><br>                Defendants. | Case No. 1:17-cv-498-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to quash and two motions to strike. The motions are fully briefed and at issue. For the reasons expressed below, the Court will deny the motion to quash and grant both motions to strike.

## ANALYSIS

### Motion to Quash Service of Process

Defendant Cherie Dillon challenges the service of process on co-defendant Dental Healthcare With Heart, P.C (DHWH). She alleges that the service of the complaint upon her as an officer of DHWH was improper because DHWH's registered agent for the service of process was Dr. Theodore Fricke.

**Memorandum Decision & Order 1**

This civil case had its beginnings in 2016 when Dillon was charged with 48 counts of health care fraud and identity theft. On January 27, 2017, after the government rested its case, Dillon pled guilty to all counts.

The Government then filed this civil action under the False Claims Act alleging that from January 1, 2010, through January 31, 2013, Dillon and co-defendant DHWH knowingly submitted false Medicaid claims to the United States of America and the State of Idaho. Dillon waived service and filed an Answer. DHWH's counsel declined to accept service of the summons and complaint. Accordingly, the Government served DHWH by serving the summons and complaint on Dillon as an officer and/or managing agent of DHWH. She now claims the service was improper.

The Court disagrees, for two reasons. First, Dillon lacks standing to challenge the service of process on a co-defendant. *Lamm v. Bumbo*, 2008 WL 2095770 (May 14, 2008 N.D. Cal.). Second, service on Dillon was proper service. Rule 4 allows for service on officers of a corporation and Dillon identified herself during trial as DHWH's Chief Executive Officer. Moreover, service can be made "upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Here, the testimony at trial showed conclusively that Dillon was so involved with DHWH – in both its original formation and its day-to-day operations – that it is fair and

**Memorandum Decision & Order 2**

reasonable to imply that she had authority to receive service. The motion to quash will therefore be denied.

**Two Motions to Strike Third-Party Complaint**

Dillon has filed a third-party complaint against Dr. Theodore Fricke. The trial testimony showed that Dillon used Dr. Fricke's identity as a licensed dentist as a cover for fraudulently providing dental services herself and submitting claims for those services to Medicaid for payment. Her third-party complaint against Dr. Fricke is based on a claim that they operated DHWH as a joint venture, creating certain duties between them that Dr. Fricke breached. Dillon seeks contribution or indemnity from Dr. Fricke if she is found liable, and she also seeks other damages on claims independent of the outcome of the False Claims Act litigation. The Government has filed a motion to strike the third-party complaint, and Dr. Fricke has joined in that motion.

Generally, third-party complaints for contribution or indemnity are barred in cases brought under the False Claim Act. *Mortgages, Inc. v. U.S. District Court for the District of Nevada,* 934 F.2d 209 (9th Cir. 1991). Dillon concedes that some of her third-party claims are for indemnity or contribution but asserts that she has also pled claims that are independent of the outcome of the Government's action. But independent claims are not permitted in third-party complaints. *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199–200 (9th Cir. 1988) (holding that third-party claims "cannot simply be an independent or related claim but must be based upon plaintiff's claim against defendant"). The Stewart court pointed out that "the crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability

**Memorandum Decision & Order 3**

asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough."

Dillon's third-party complaint alleges claims for indemnity that are barred by *Mortgages*, and independent claims that are barred by Rule 14 and *Stewart*. For these reasons, the Government's motion to strike the third-party complaint will be granted. For the same reasons, the Court will grant the motion filed by Dr. Fricke joining in the Government's motion.

### ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to quash service of process (docket no. 10) is DENIED.

IT IS FURTHER ORDERED, that the motion to strike third-party complaint (docket no. 18) and the third-party motion for joinder in the motion to strike the third-party complaint (docket no. 26) are GRANTED, and that the third-party complaint (docket no. 13) is STRICKEN from the docket.

DATED: January 2, 2019

B. Lynn Winmill
Chief U.S. District Court Judge