UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>CHERIE R. DILLON and DENTAL HEALTHCARE WITH HEART, P.C., (successor in interest to DENTAL HEALTHCARE WITH HEART, PLLC),,<br><br>        Defendants. | Case No. 1:17-cv-498-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to transport and motion for protective order filed by defendant Dillon, and a motion to take Dillon's deposition filed by the Government. The motions are fully briefed and at issue. For the reasons expressed below, the Court will deny the motion to transport and the motion for protective order, and will grant the motion to take defendant's deposition.

## ANALYSIS

**Motion to Transport**

Defendant Dillon is presently incarcerated at FCI Aliceville, Alabama, following her sentencing on 48 counts of identity theft and Medicaid fraud. In this civil action, the

**Memorandum Decision & Order – page 1**

Government alleges that Dillon violated the False Claims Act by presenting fraudulent Medicaid claims to the United States.

Dillon has filed a motion asking that she be transferred to a prison facility closer to her attorneys, who reside in Boise Idaho. She argues that being in Alabama, she (1) has difficulty communicating with counsel in Idaho, and (2) cannot afford to have her counsel come to Alabama for her deposition.

In support of her motion, she cites the All Writs Act, 26 U.S.C. § 1651, and the holding in *Holt v. Pitts* 619 F.2d 558 (6th Cir. 1980) that the Act gives federal courts discretion to "issue writs requiring penal authorities to produce prisoners at judicial proceedings in civil cases." *Id.* at 561.

As Dillon recognizes, *Holt* stated that "a court should issue a writ that requires the production of a prisoner [in a civil case] only in those cases where the prisoner's physical presence will contribute significantly to a fair adjudication of his claims." *Id.* The district court in *Holt* ultimately refused to grant the writ and the Sixth Circuit affirmed, stating "[t]he cost and inconvenience that would have been involved in the transportation of plaintiff from the federal penitentiary in California to the district courthouse in Tennessee would have been entirely disproportionate to the prospective benefits." *Id.*

While *Holt* is not binding on this Court, its analysis is persuasive. Dillon fails to identify any specific communication problems other than those always associated with distance – that is an inconvenience, not a barrier, and if it triggered transport, all inmates would be filing such requests. Dillon says she lacks the funds for her counsel to travel, but she apparently has the funds to pay him for attending the deposition and continuing to

**Memorandum Decision & Order – page 2**

represent her.  This sounds again like an inconvenience, not a barrier.  There would be a substantial cost to transfer Dillon across the country and a real concern with overriding the Bureau of Prisons' designation expertise.  Because there has been no showing that transfer would contribute significantly to a fair adjudication of her claims, the Court will deny Dillon's motion.

**Motion to Take Dillon's Deposition  & Motion for Protective Order**

The Government has moved under Rule 30(a)(2)(B) to take Dillon's deposition.  Dillon responded with a motion for protective order seeking to block the Government from taking her deposition, and from taking any other depositions without her being present.

Dillon has personal knowledge of relevant facts, and thus the Government has made the necessary showing under Rule 30(a)(2)(B).  Dillon argues, however, that she is entitled to a protective order blocking that deposition because she lacks financial resources to "afford legal counsel to be present for her deposition in Aliceville, Alabama." *See Brief (Dkt. No. 33)* at p. 2.  She cites no authority that this reason justifies protecting her from being deposed; indeed, having no right to appointed counsel, *Hernandez v. Whiting*, 881 F.2d 768, 770 (9th Cir. 1989), it follows that her lack of funds to fly her attorney to Alabama cannot be a justification for an order blocking the deposition.

Dillon also seeks a protective order blocking any deposition of another person unless Dillon could be physically present.  She does not identify any specific depositions and explain why her physical presence is necessary.  She has no right to be physically

**Memorandum Decision & Order – page 3**

present at depositions of other persons, *Hernandez,* 881 F.2d at 770, and has made no showing of any extraordinary reason that would justify her presence. This motion will be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for transport (docket no. 36) is DENIED;

IT IS FURTHER ORDERED, that the motion for leave to depose defendant Dillon (docket no. 32) is GRANTED;

IT IS FURTHER ORDERED, that the motion to quash or for protective order (docket no. 33) is DENIED.

DATED: February 4, 2019

B. Lynn Winmill
U.S. District Court Judge