UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHERIE R. DILLON and DENTAL HEALTHCARE WITH HEART, P.C., (successor in interest to DENTAL HEALTHCARE WITH HEART, PLLC),,<br><br>Defendants. | Case No. 1:17-cv-498-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for partial summary judgment filed by the Government. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant in part and deny in part the motion.

## ANALYSIS

The Government has brought this lawsuit against Cherie Dillon and Dental Health Care with Heart, P.C. under the False Claims Act (FCA) alleging that the defendants committed health care fraud and seeking civil penalties. In a separate criminal proceeding in this Court, Dillon pled guilty to 24 counts of health care fraud. Dillon's plea, the Government argues, estops her from contesting civil liability in this FCA action.

The Government's motion is directed only against Cherie Dillon and only seeks summary judgment on one of the fraud theories alleged in the complaint, i.e., false claims for dentist-only procedures that were not performed by a dentist. More specifically, the Government asks the Court to (1) find that Dillon submitted 492 false and fraudulent claims for Medicaid payment for dentist-only procedures that were not performed by a dentist and (2) impose a civil penalty of $550,000 on Dillon for that conduct. The Government argues that Dillon is collaterally estopped from challenging this motion because she admitted to this conduct when she entered her plea of guilty in the criminal case.

In the criminal case, Dillon was charged with 24 counts of health care fraud and 24 counts of aggravated identity theft. *See U.S. v Dillon,* 1:16-cr-037-BLW. The case went to trial, and after the Government rested its case, Dillon pled guilty to all counts, and she was later sentenced to 60 months incarceration. Following a hearing, the Court imposed forfeiture of $847,016, and ordered restitution in the sum of $139,769.80. On appeal, the Ninth Circuit held that (1) Dillon's plea was "knowing and voluntary"; and (2) the Court, in calculating the restitution amount, should not have deducted billings for hygiene services Dillon performed. *See U.S. v. Dillon,* 749 Fed. Appx. 541 (9th Cir. 2018). On remand, the Court held a hearing and increased the restitution amount to $316,778.25. *See Order (Dkt No. 168 in U.S. v. Dillon, 1:16-cr-037-BLW).*

During her guilty plea hearing, Dillon stipulated that the evidence at trial and the allegations in the Superseding Indictment constituted the factual basis of her guilty plea. *See Transcript (Dkt. No. 53)* at pp. 23-24. Thus, Dillon has admitted the following:

**Memorandum Decision & Order – page 2**

1. That she violated 18 U.S.C. § 1347 by "knowingly and willfully . . . execut[ing] a scheme and artifice to defraud health care benefit programs as to material matters, and to obtain by means of materially false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program." *See* 18 U.S.C. § 1347.

2. That she "submit[ed], or caus[ed] to be submitted, claims for payment to health care benefit programs for various Dental Services, falsely and fraudulently representing that the treatments were performed by a qualified dentist, when in truth and in fact treatments were performed by CHERIE R. DILLON, a dental hygienist, or not performed at all." *See Superseding Indictment (Dkt. No. 16)* at ¶ 7.

3. That she "performed Dental Services and received payment for those services from health care benefit programs while fraudulently misrepresenting that the services had been performed by a dentist, and while fraudulently billing health care benefit plans under [the dentist's] credentials for such services." *Id*. at ¶ 19.

4. That she defrauded Medicaid. *Id*. at ¶ 22.

Dillon's conduct, as admitted to in her guilty plea hearing, constitute violations of the FCA, as alleged in the complaint in this case. More specifically, Dillon has admitted violating 31 U.S.C. § 3729(a)(1)(A) of the FCA by knowingly submitting, or causing to be submitted, false Medicaid claims for payment. She has also admitted violating 31 U.S.C. § 3729(a)(1)(B) of the FCA by knowingly making or using, or causing to be made or used, a false statement or record material to a false or fraudulent claim.

Because these admissions establish all the elements required for the FCA claims in this case, Dillon is collaterally estopped from denying civil liability for those particular claims. The collateral estoppel provision of the FCA states as follows:

> [A] final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial *or upon a plea of guilty* or nolo contendere, shall estop the defendant

> from denying the essential elements of the offense in any action which involves *the same transaction* as in the criminal proceeding and which is brought under subsection (a) or (b) of section 3730.

31 U.S.C. § 3731(e) (emphasis added). This FCA case seeking civil penalties for Dillon's fraudulent billing for dental services involves the same transactions that she pled guilty to in the criminal case. Thus, Dillon is estopped from challenging her liability under the FCA for her fraudulent billing for dental services. *See U.S. v. $31,697.59 Cash*, 665 F.2d 903, 906 (9th Cir. 1982) (holding "appellants are collaterally estopped from litigating the matters disposed of in the criminal case by their guilty pleas").

The Government has produced evidence that (1) Dillon submitted 492 separate false Medicaid claims for dentist-only procedures on dates no dentist worked at the clinic; and (2) the Government incurred $403,785.05 in investigative costs. Dillon has not disputed this evidence and the Court will take it as established. Indeed, Dillon has not disputed any of the facts asserted in the Government's Separate Statement of Undisputed Facts (Dkt. No. 48-2) and the Court will therefore take those facts to be established.

Dillon does argue that estoppel cannot be applied here because the FCA complaint is far broader than the criminal indictment. But this argument ignores the fact that the Government is only seeking a *partial* summary judgment on the dentist-only billings during a certain time frame that is identical to what was alleged in the Superseding Indictment. Thus, estoppel is properly applied here.

Dillon's other argument is that her plea was invalid. But the Ninth Circuit has found that her plea was knowing and voluntary, as discussed above. That issue has been resolved and cannot be used to defeat the application of estoppel here.

The Court will therefore grant that portion of the Government's motion for partial summary judgment that seeks findings that (1) all of the facts contained in the United States' Separate Statement of Undisputed Facts (Dkt. No. 48-2) are established in this case; and (2) defendant Dillon is liable under the FCA for the 492 false and fraudulent Medicaid claims she filed for dental services.

In addition to moving for summary adjudication as to liability, the Government also urges the Court to impose a civil penalty of $550,000 pursuant 31 U.S.C. § 3729(a). That statutory provision directs courts to award penalties for FCA violations of "not less than $5,000, and not more than $10,000 . . . plus 3 times the amount of damages which the Government sustains because of the act of that person" for each violation. *See* 31 U.S.C. § 3729(a). Pursuant to the Supreme Court's decision in *U.S. v. Bajakajian*, 524 U.S. 321, 334 (1998), the Court must ensure that any penalty is not "grossly disproportional to the gravity of a defendant's offense."

At this point in the litigation, with only part of the liability alleged in the complaint having been resolved, it is too early to determine a penalty sum. Without knowing the full range of liability, it is difficult for the Court to make the finding required by *Bajakajian* and so the Court will defer granting a penalty sum at this time without prejudice to the Government's right to raise this issue at a later point in these proceedings.

**Memorandum Decision & Order – page 5**

# ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for partial summary judgment (docket no. 48) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks findings that (1) all of the facts concerning defendant Cherie Dillon's false and fraudulent billing of Medicaid for dental services not performed by a dentist and contained in the United States' Separate Statement of Undisputed Facts (Dkt. No. 48-2) are established in this case; and (2) defendant Cherie Dillon is liable under the False Claims Act for the 492 false and fraudulent Medicaid claims she filed for dental services. The motion is denied in all other respects without prejudice to the Government's right to raise the civil penalty sum issue at a later point.

DATED: June 28, 2019

B. Lynn Winmill
U.S. District Court Judge