UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CHERIE R. DILLON and DENTAL HEALTHCARE WITH HEART, P.C., (successor in interest to DENTAL HEALTHCARE WITH HEART, PLLC),,<br><br>    Defendants. | Case No. 1:17-cv-498-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it motions for judgment filed against defendants Cherie Dillon and Dental Healthcare With Heart P.C. The motions are fully briefed and at issue. For the reasons set forth below, the Court will grant both motions.

**LITIGATION BACKGROUND**

The Government has brought this lawsuit against Cherie Dillon and Dental Health Care with Heart, P.C. under the False Claims Act (FCA) alleging that the defendants committed health care fraud and seeking civil penalties. In a separate criminal proceeding in this Court, Dillon was charged with 24 counts of health care fraud and 24 counts of aggravated identity theft. *See U.S. v Dillon*, 1:16-cr-037-BLW. The case went to trial, and after the Government rested its case, Dillon pled guilty to all counts, and she

was later sentenced to 60 months incarceration. Following a hearing, the Court imposed forfeiture of $847,016, and ordered restitution in the sum of $139,769.80. On appeal, the Ninth Circuit held that (1) Dillon's plea was "knowing and voluntary"; and (2) the Court, in calculating the restitution amount, should not have deducted billings for hygiene services Dillon performed. *See U.S. v. Dillon,* 749 Fed. Appx. 541 (9th Cir. 2018). On remand, the Court held a hearing and increased the restitution amount to $316,778.25. *See Order* (Dkt No. 168 in *U.S. v. Dillon*, 1:16-cr-037-BLW).

In March of 2019, the Government filed a motion for partial summary judgment against Dillon. The motion sought summary judgment on only one of the five fraud theories alleged in the complaint, i.e., that Dillon submitted fraudulent claims for dental services that had not been performed by a dentist, but instead were performed by her, a dental hygienist. This fraud theory encompassed 492 of the 820 claims at issue in the Government's complaint. The Government asked the Court to impose a civil penalty on Dillon in the amount of $550,000.

The Court granted this motion in part and denied it in part. *See Memorandum Decision (Dkt. No. 58).* The Court granted the motion "to the extent the Government seeks findings that (1) all of the facts concerning defendant Cherie Dillon's false and fraudulent billing of Medicaid for dental services not performed by a dentist and contained in the United States' Separate Statement of Undisputed Facts are established in this case; and (2) defendant Cherie Dillon is liable under the False Claims Act for the 492 false and fraudulent Medicaid claims she filed for dental services." *Id.*

**Memorandum Decision & Order – page 2**

The Court denied without prejudice the Government's request that the Court impose a $550,000 civil penalty on Dillon because the Government's motion sought summary judgment on only one of the fraud theories alleged in the complaint and, therefore, "[a]t this point in the litigation, with only part of the liability alleged in the complaint having been resolved, it is too early to determine a penalty sum." *Id.* at p. 5.

In the motion for judgment now before the Court, the Government states that it is no longer pursuing the remaining fraud theories as to Dillon and asks the Court to impose a $550,000 civil penalty on Dillon based on the Court's findings, discussed above, that Dillon violated the FCA on 492 occasions by submitting false or fraudulent claims for dentist-only services performed by a non-dentist. The Government also seeks a judgment of $1,100,000 against Dental Healthcare With Heart as the Clerk has entered default against them.

## ANALYSIS

The standard for assessing the amount of the fine under the FCA requires the Court to evaluate the severity of Dillon's offense, assess the costs associated with the investigation, and assess the societal costs associated with the abuse of the Medicaid program, among other factors. *See U.S. v. Mackby,* 339 F.3d 1013 (9th Cir. 2003). The Court must ensure that the fine does not violate the Excessive Fines Clause of the Eighth Amendment – that is, the fine must not be "grossly disproportional to the gravity of a defendant's offense." *Id.*

The facts in this case show that for years Dillon provided and billed for services that she, as a matter of law, was not qualified to provide and that she knew she was

**Memorandum Decision & Order – page 3**

prohibited from providing. In doing so, she placed her patients at risk, including when she illegally provided controlled substances to minors. Dillon's conduct was not a temporary lapse in judgment, but involved deliberate, long-term deceit motivated by greed. The business and banking records of Dental Healthcare With Heart (DHWH) establish that Dillon and her family received substantial funds from DHWH and that she used DHWH's business bank account to pay personal expenses. In addition, to conceal her fraud, Dillon engaged in identity theft and falsified medical records. It is undisputed that the costs incurred by the U.S. Department of Health and Human Services' (HHS) to investigate Dillon's fraud were $403,785.05. *See Separate Statement of Undisputed Facts (Dkt. No. 48-2) at ¶ 39.*

Considering all of these facts, the Court finds that a fine of $550,000 is reasonable and just. It is not "grossly disproportional to the gravity of a defendant's offense. The Court will therefore grant the Government's motion for judgment and impose a fine under the False Claims Act on defendant Cherie Dillon of $550,000.

The Government's complaint also seeks a fine of $1,100,000 against DHWH. The complaint was served on DHWH but no answer was ever filed and the Clerk has entered default against DHWH. *See Default (Dkt. No. 56).* The facts against DHWH are the same as those discussed above with regard to Dillon – she used the DHWH business entity to make the false Medicaid claims. For the same reasons as expressed above, a fine of $550,000 against DHWH would be reasonable and just and would not violate the Excessive Fines Clause of the Eighth Amendment. For these reasons, the Court will grant the motion for judgment against DHWH and impose a fine of $550,000 on DHWH.

**Memorandum Decision & Order – page 4**

The Court will issue a separate Judgment as required by Rule 58(a).

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions for judgment (docket nos. 59 & 60) are GRANTED.

IT IS FURTHER ORDERED, that a fine be imposed under the False Claims Act against defendant Cherie R. Dillon in the sum of $550,000.

IT IS FURTHER ORDERED, that a fine be imposed under the False Claims Act against defendant Dental Healthcare With Heart P.C. in the sum of $550,000.

DATED: November 4, 2019

_____
B. Lynn Winmill
U.S. District Court Judge