UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>CHERIE R. DILLON and DENTAL HEALTHCARE WITH HEART, P.C., (successor in interest to DENTAL HEALTHCARE WITH HEART, PLLC),<br><br>      Defendants. | Case No. 1:17-cv-00498-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Defendant Cherie Dillon's pro se motion, which is styled as a Request to Vacate Abstract of Judgment for Real Property Subject to Substitute Forfeiture. *See* Dkt. 73. For the reasons explained below, the Court will deny the motion.

**BACKGROUND**

In November 2019, the Court entered a $1.1 million judgment in this case – $550,000 against Defendant Cherie Dillon and $550,000 against Defendant Dental Healthcare with Heart, P.C. On January 30, 2020, the Court entered two abstracts of judgment – one as to each defendant. *See* Dkts. 66, 67. Each abstract contains

the following notice:

NOTICE

> Pursuant to Title 28, United States Code, Section 3201, this
> judgment, upon the filing of this abstract in the manner in which
> a notice of tax lien would be filed . . . creates a lien on all real
> property of the defendant(s) and has priority over all other liens
> or encumbrances which are perfected later in time. The lien
> created by this section is effective, unless satisfied . . . for a
> period of 20 years and may be renewed . . . .

Dkts, 66, 67, at 1. The government recorded these abstracts of judgment with the
Payette County recorder's office the next day. *See Jan. 31, 2020 Abstract of
Judgment*, *Ex. F to Black Dec.*, Dkt. 75-8.

In her motion, Ms. Dillon focuses on one piece of real property in Payette
County, located at 707 S. Kansas Avenue, in Fruitland, Idaho (the "Kansas Avenue
Property"). She says she has "relinquished all powers and privileges, present and
future dominion, over the said property prior to the entry of the criminal conviction
or the civil judgments in the form of an irrevocable trust." *Motion,* Dkt. 73, at 1.
She further explains that a trust was originally "obtained" in 2012, and that in
2017, third party Sue Shelley became the trustee of an irrevocable trust, which now
hold the Kansas Avenue Property.

Ms. Dillon did not file an affidavit or any documents supporting her
argument. In response, however, the government acknowledges the following:

(1)   In January 2012, Ms. Dillon and her husband, Kenneth Dillon, signed a

living trust agreement called The Kenneth and Cherie Dillon Living Trust. *Response,* Dkt. 75, at 2 (citing Black Dec. & Ex. C thereto, Dkt. 75-5).

(2)  On January 4, 2012, Ms. Dillon signed a Quitclaim Deed relating to the Kansas Avenue Property, quitclaiming her interest "to KENNETH G. DILLON and CHERIE R. DILLON, Trustees, or their successors in trust, under the KEN AND CHERIE DILLON LIVING TRUST, dated January 4, 2012, and any amendments thereto." *Black Dec*, *Ex. A thereto*, Dkt. 75-3. This Quitclaim Deed appears to have been recorded on January 6, 2012. *See id.,* at 2.

The government says that by January of 2016 (four years after that 2012 Quitclaim Deed was recorded), the U.S. Attorney's Office had communicated with Ms. Dillon's attorney, informing him that the government planned to file a civil complaint against Ms. Dillon under the False Claims Act based on alleged healthcare fraud. In February 2016, Ms. Dillon was indicted for several counts related to a health care fraud scheme and aggravated identity theft. Ms. Dillon eventually pleaded guilty to all counts alleged in a superseding indictment and admitted to the asset forfeiture allegation. *See United States v. Dillon*, Case No. 1:16-cr-00037-BLW. In June 2017, the Court sentenced Ms. Dillon and preliminarily awarded restitution in the amount of $549,605.18 and forfeiture in

MEMORANDUM DECISION AND ORDER - 3

the amount of $847,016.00. The Court postponed a final determination until after a hearing on August 9, 2017.

On August 11, 20217 – just two days after the restitution hearing in the criminal case – Cherie and Kenneth Dillon executed a Reformation and Restatement of The Kenneth and Cherie Dillon Living Trust, to make it The Kenneth and Cherie Dillon *Irrevocable* Trust. *See Ex. B to Black Dec.,* Dkt. 75-4. This document states that the Dillons were revoking the earlier, Living Trust and replacing it entirely with the Irrevocable Trust. Article I of the Irrevocable Trust states that the Kansas Avenue Property in was transferred into, and became a part of the Irrevocable Trust. The government states that it has reviewed the documents that are available online and associated with the Kansas Avenue Property and learned that the last recorded deed was that 2012 Quitclaim Deed. The only later document relating to property is a record of a survey in October 2022. The surveyor indicated that the survey "was done at the request of Ken and Cherie Dillon to establish their overall property lines." *Ex. D to Black Dec.*, Dkt. 75-6.

In December 2017, the government filed this civil action. As noted above, the Court entered judgment in the government's favor nearly two years later, in November 2019.

## LEGAL FRAMEWORK

The starting point for resolving this motion is 28 U.S.C. § 3201, which is a

provision of the Federal Debt Collection Procedures Act (FDCPA). Section 3021

provides that when a judgment creditor files a certified copy of an abstract of

judgment in a specified manner, a judgment lien arises in favor of the judgment

creditor on "all real property of a judgment debtor . . . ." 28 U.S.C. § 3201(a). The

FDCPA further provides that the United States may recover a judgment on a debt

by, among other things, a judicial sale of a judgment debtor's real property. *See* 28

U.S.C. §§ 2001; 2002; 3201(f)(1). The United States also may seek to conduct an

execution sale of a judgment debtor's real property. *See* 28 U.S.C. §§ 3201(f)(2);

3203(g).

## ANALYSIS

The Court will deny Ms. Dillon's motion to vacate the abstract of judgment.

As a threshold matter, Ms. Dillon's discussion of which assets were or were not

forfeited in criminal matter is irrelevant, because the abstract of judgment relates to

the government's judgment in this *civil* case. Beyond that, Ms. Dillon has not

provided any grounds for vacating the abstract of judgment, which, upon

recording, simply created a lien on all of her real property in Payette County. If the

Kansas Avenue Property does not belong to Ms. Dillon, as she asserts, then the

abstract of judgment does not encumber that property.

The problem, of course, is that the government contends the Kansas Avenue

Property is indeed "property of a judgment debtor," notwithstanding the transfers

to the trusts as described above. *See generally United States v. DeTar*, No. 1:04-cv-749, 2009 WL 2252822, at \*4 (W.D. Mich. July 28, 2009) (discussing judgment liens in the context of a trust's ownership of real property, observing that judgment liens under 28 U.S.C. § 3201 attach "narrowly" to "real property of a judgment debtor," as opposed to a tax lien, which attaches to a taxpayer's property and *rights to* property). At this point, however, the government has not taken any additional action with respect to the Kansas Avenue Property. It has not sought to sell the property via a judicial or execution sale.

Under these circumstances, the Court concurs with the government that, at this juncture, a separate quiet title action is the most logical procedural mechanism for resolving disputes regarding the ownership of the Kansas Avenue Property. But the Court is not necessarily persuaded that a quiet title action is the *only* procedural option available to third parties. Other courts have permitted interested third parties to intervene, post-judgment, under Federal Rule of Civil Procedure 24 when they claim an interest in property that the government says is subject to a judgment lien. *See, e.g., United States ex rel. Cairns v. D.S. Medical, L.L.C.*, No. 1:12CV00004-AGF, 2020 WL 7023967, at \*3 (E.D. Mo. Nov. 30, 2020). The Court is not suggesting that it has already decided, at this point, that it would allow the Dillon trust described above to intervene in this action. That decision would only be made after a motion to intervene was filed and fully briefed. Nevertheless, none of the

cases the government cited – for the proposition that the trust's *only* option would be to file a quiet title suit – involved post-judgment collection proceedings where a third party claimed an interest in the property the government contended was subject to a judgement lien. Another procedural option, if the government sought to sell the Kansas Avenue Property, might be for the trust to participate as interested party. *See United States v. Sekendur*, No. 03C807, 2015 WL 13861417, at *2 (N.D. Ill. Mar. 4, 2015) (denying Rule 24 intervention and requiring third party to initiate a quiet title action – but observing that "if there were a post-judgment proceeding to determine whether [the third party's] property could be attached to satisfy the judgment . . . , she would be able to assert her rights without the added burden of intervention under Rule 24 . . . .") (citing *United States v. Kollintzas*, 501 F.3d 796, 801-02 (7th Cir. 2007) (holding that third party with putative interest in attached funds participates as an "interested person," not an intervenor, under federal law)).

In any event, regardless of how the Dillon trust may eventually seek to appear before this Court, the larger point is that the Court will not vacate the government's abstract of judgment based upon the pending motion. By the same token, the Court will decline the government's alternative request to void the 2017 transfer of the Kansas Avenue Property to the Irrevocable Trust on grounds that it is a fraudulent transfer. While the Court might feasibly conclude that transfer is

voidable at some point, it will not do so on this limited record. If a quiet title action is filed, or if Court allows a trust to intervene in this action for the limited purpose of filing a motion to quash the abstract of judgment as to the Kansas Avenue Property, the Court will be in a position to rule. But at this point, the Court is not in a position to adjudicate disputes related to the ownership of the Kansas Avenue Property.

Finally, the Court will observe that if there are future proceedings involving a trust, it cannot represent itself in federal court. Rather, a trust must appear through licensed counsel. *See C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir. 1987); *see also* Local. Dist. Idaho R. 83.4(d) ("Whenever an entity other than an individual desires or is required to make an appearance, the appearance shall be made only by an attorney . . . .").

## ORDER

**IT IS ORDERED that** Defendant Cherie Dillon's pro se Request to Vacate Abstract of Judgment For Real Property Subject To Substitution Forfeiture (Dkt. 73) is DENIED.

DATED: June 2, 2023

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 8**